**Thomas MURPHY, Plaintiff–Appellant,**

v.

**Calvin WEST, as Superintendent of El-mira Correctional Facility of the New York State Department of Correction-al Services, et al., Defendants–Appel-lees.**

No. 12–4629–pr.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2013.

Paul E. Kerson, John F. Duane, Ira R. Greenberg, New York, NY, for Plaintiff–Appellant.

Bethany A. Davis Noll, Assistant Solic-itor General, Barbara D. Underwood, Solic-itor General, Andrea Oser, Deputy Solici-tor General, New York, NY, for Eric T. Schneiderman, Attorney General of New York.

## SUMMARY ORDER

Plaintiff–Appellant Thomas Murphy ("Murphy") appeals from the judgment of the district court entered on November 8, 2012, after trial and a jury verdict in de-fendants' favor on Murphy's claims that defendants violated his civil rights by us-ing excessive force on him and denying him medical care while he was incarcerat-ed. We assume the parties' familiarity with the underlying facts and procedural history of the case.

After filing his notice of appeal from the judgment on November 14, 2012, Murphy moved before the district court under Fed. R.Civ.P. 59 for a new trial and under Fed.R.Civ.P. 65 for a preliminary injunc-tion. The district court denied Murphy's motions by order dated November 26, 2012. Murphy challenges the district court's denial of his Rule 59 and Rule 65 motions and asks this Court to abrogate certain of its precedents.

Pursuant to Fed. R.App. P. 3(c) a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R.App. P. (3)(c)(1)(B). This Court's jurisdiction "depends on whether the in-tent to appeal [the] decision [at issue] is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co., v. City of New York*, 498 F.3d 127, 131 (2d Cir.2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (stating that, where a notice of ap-peal "fail[s] to mention" a specific order, we are "bar[red] ... from considering" an appellate challenge to that order). Be-

cause the requirements outlined in Fed R.App. P. 3 and 4 are jurisdictional in nature, they cannot be waived. *See City of New York v. Smokes–Spirits.com, Inc.*, 541 F.3d 425, 452 (2d Cir.2008) ("Rules 3 and 4 are a single jurisdictional threshold and may not be waived."), *overruled on other grounds by Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 130 S.Ct. 983, 175 L.Ed.2d 943 (2010).

Murphy failed to file a new or amended notice of appeal indicating that he was in fact appealing the district court's post-judgment denial of his motion for a new trial and preliminary injunction entered twelve days after Murphy filed his notice of appeal in this case. This Court thus lacks jurisdiction to review the district court's order denying those motions.

We have considered all of Murphy's remaining arguments and determine them to be without merit;[1] accordingly the appeal is DISMISSED.

---

1. In addition to seeking review of the district court's post-judgment order, Murphy asks the Court to reconsider its holding in *Webb v. Goord*, 340 F.3d 105 (2d Cir.2003). We are bound by our ruling in *Webb*, "unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc.*" *Nicholas v. Goord*, 430 F.3d 652,

659 (2d Cir.2005) (internal quotation marks omitted), *cert. denied*, 549 U.S. 953, 127 S.Ct. 384, 166 L.Ed.2d 270 (2006).

